DYKMAN, J., concurred.

Order affirmed, with costs and disbursements.

---

IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF GEORGE W. CHAUNCEY, AS TRUSTEE OF, AND UNDER THE LAST WILL AND TESTAMENT OF MARY L. KIRBY, DECEASED.

*Legacy, directing an annual payment from income which is also made subject to a prior annuity — when the legacy is not demonstrative and not entitled to have past deficiencies made good from a subsequent surplus of income.*

A testatrix, by her will, gave to her executors the residue of her estate, to invest the same, and apply the rents and interest thereof "to the use of my said husband, William L. Kirby, during his natural life, except that they shall apply, to the use of James E. Delaney, who was brought up by me, the sum of $500 per annum thereout, until he shall arrive at the age of twenty-one years, and from and after that time the sum of $1,000 per year thereout during the life of my said husband, William L. Kirby, and from and after the decease of my said husband, the sum of $2,000 dollars per annum thereout during his natural life."

*Held*, that the gift of the yearly sum, out of the income, to be applied to the use of Delaney, was not a demonstrative legacy, and that no part of the body of the estate could be applied to make up a deficiency of income of a prior year, and that, after the death of the husband of the testatrix, any deficiencies that had existed in prior years, in the payments made to Delaney, could not be made good out of the surplus income existing subsequent to such decease.

APPEAL by Mary E. Van Aulen, individually, and as administratrix of the last will and testament of William C. Van Aulen, deceased, who was the sole next of kin to Mary L. Kirby, the above-named testatrix, and survived her, from that part of the decree made at the Kings County Special Term, and entered in the office of the clerk of that county on the 20th day of April, 1889, which determined that the trustee, under the will of Mary L. Kirby, should pay to James E. Delaney the balance of income remaining in his hands, as specified in said decree, on account of deficiency found by the court to be due him, with interest.

*William C. Holbrook*, for Mary E. Van Aulen, individually, and as executrix, etc., appellant.

*A. E. Lamb*, for James E. Delaney, respondent.

BARNARD, P. J. :

The Court of Appeals, in *Delaney v. Van Aulen* (84 N. Y., 16) held that the gift to the executors of a yearly sum out of the income of the estate of Mary S. Kirby, to be applied by them to the use of Delaney, was not a demonstrative legacy, and that no part of the body of the estate could be applied to make up a deficiency of income. The peculiarity of the will was that the entire income was given for the use of the husband of the testatrix, less a certain sum which was first to be deducted for the use of Delaney. The Court of Appeals held that as there was no method of raising the money, except that of the income provided ; and that the husband could only get this, whether it was much or little ; and that it was not the intention of the testatrix to give Delaney more than an interest in the same fund. The question whether Delaney had a right to have deficiencies in yearly payments made up from increased avails in after years was left undecided.

The second trial of the case seemed to have only presented the same question, and was decided in the same way. (*Delaney v. Van Aulen*, 92 N. Y., 627.) The court expressly states that no new facts were presented. Now, it appears that the husband died on the 11th of November, 1877, and the will gives $2,000 per annum to the use of Delaney during his natural life, from and after her death. There is no gift of the surplus life estate in each year.

There was a deficiency in the payment of the annual sum, and now there is a small surplus in each year. The question left undecided is, therefore, presented : Whether the surplus is to be paid to Van Aulen on account of the former deficiency, and whether the future excess of income over the annuity is to be so applied until the deficiency is made up. It seems plain that, in the judgment of the Court of Appeals, the provision for Delaney was not an annuity. "It is given as the current avails of a fund. The husband of the testatrix had the entire rents and profits of the estate after the payment from it of the annual sum. It seems quite clear that the intention of the will is that as between the husband and Delaney there should be no holding over in lean years a balance as against more prosperous ones. The husband in that case might be left wholly destitute. The Court of Appeals gives the more favorable place to the husband. If, as between the husband and Delaney, the account was to be closed each year, there is nothing in her will showing that the testatrix had a different intention as between Delaney and her next of kin than she had as between Delaney and her husband. The entire life estate was given away, and it is only a sum out of it in each year that is to be applied to Delaney. The testatrix supposed the estate always to pay the sums to Delaney. The testatrix intended that the annual avails should be used as far as they would go ; there is nothing in the will showing an intent to put the next of kin in a worse position after the husband's death as to the life estate he had enjoyed. The will is so different in structure from that of *Stewart* v. *Chambers* (2 Sandf. Ch., 382) that it is not an authority for the construction that the deficiency for one year in the payment to Delaney may be carried to a future year. The next of kin were to be provided for after the husband's death, and it is not likely that she intended to make a different rule as to them.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.